## LUND v. UNITED STATES.

### No. 7718.

· Circuit Court of Appeals, Ninth Circuit.

July 9, 1935.

Ames Peterson, of Los Angeles, Cal., for appellant.

Peirson M. Hall, U. S. Atty., and J. J. Irwin, Asst. U. S. Atty., both of Los Angeles, Cal.

Before WILBUR, GARRECHT, and DENMAN, Circuit Judges.

GARRECHT, Circuit Judge.

Appellant was indicted and charged with the crime of impersonating an officer of the United States. A second count charged that on the same day appellant demanded and obtained from one Lawrence Davis merchandise consisting of twenty gallons of intoxicating liquor, pretending to be an officer of the United States. (18 USCA § 76). He was found guilty on both counts and sentenced on the first count to 30 months' imprisonment, and on the second count to 5 years' probation, to commence at the conclusion of the sentence imposed on the first count.

It appears from the evidence that, on the night of July 27, 1932, two men entered a small house, in which were one W. H. Davis and his son, Lawrence Davis. One of the two intruders pulled open his coat, exposing a badge, and exhibited a paper, stating that they were searching the place. The men, pretending to be United States officers, charged that Lawrence Davis had sold liquor. W. H. Davis asked one of the men, "Isn't there some way out of this?" After some discussion, one of the men asked him how much money he had, and to the response that he (Davis) might be able to raise $100, he was told that he would have to raise $500. One of the men removed 20 gallons of liquor from the house to their automobile, saying he would call for the $100 on the next day.

W. H. Davis complained to W. M. Bott, a special agent of the United States Department of Justice. Previously he had complained to the Los Angeles police and had identified a photograph in the police files as being that of one of the men who came to his house. The photograph was that of Lund, appellant here. Thereafter Lund was apprehended, and both W. H. Davis and Lawrence Davis identified him at the police station.

While on the witness stand W. H. Davis either failed or refused to identify Lund as the man who had represented himself to be an officer; he denied having said that he could identify Lund. After the deposition of Lawrence Davis was read, in which he identified Oscar Lund, W. H. Davis was recalled to the stand, presumably for the purpose of impeachment. He then testified that he had on July 30th at the police station identified Lund as one of the men who called at his house, also that Lund had shown him a badge and was one of the two men at his house at the time in question; that Lund had stated that the two men were federal officers; but that it was not Lund with whom he had conversation concerning money.

Lund's wife testified that he was at home all day and all evening July 27, 1932. Lund took the stand and denied having visited Davis' house on the 27th of July, 1932; denied representing himself to be a federal officer—in substance, denied all charges made. He further testified that he was at home on July 27, 1932, and then immediately said that he was in jail on that date, and then he said that he was at Malibu Beach on July 24th and stayed there for two weeks.

During the course of the argument to the jury, the court received a communication that witness W. H. Davis wished to make a statement. After the jury had retired, the court called witness W. H. Davis forward and advised him that, if he wished to make a statement, the court would hear him, and cautioned him that he was not obliged to make it and that incriminating statements could be used against him in future proceedings. W. H. Davis then proceeded in an attempt to explain the reason for his failure to identify Lund from the witness stand. Of course, as appears above, the jury had retired and were not present. At the conclusion of his statement, counsel for the government asked that the order of detention of W. H. Davis as a witness be vacated, for the reason that he was to be served with a warrant upon leaving the courtroom. Immediately thereafter counsel for defendant moved for a mistrial upon the ground that there were new matters, by way of evidence which had taken defendant by surprise, as well as the intimation of an additional witness being present. The motion was denied and exception taken.

Upon the appeal but two points are raised: (1) That the court erred in receiving the statement of witness Davis out of the presence of the jury and that the court should have recalled the jury and received such statement as evidence; and

624

(2) that the court erred in pronouncing judgment on the second count, for the reason that the offense charged therein is a component part necessarily included in the first count.

It does not appear that the statement of Davis was made at the instance of the government, nor that the government's counsel had any part in it, other than to suggest that Davis be put under oath. Apparently, the statement was wholly voluntary and made by Davis with the thought of protecting himself from a charge of perjury. The jury did not hear it.

There was no motion made by counsel for defendant to recall the jury, nor was there a motion made that the case be reopened to admit new testimony. The motion for mistrial did not serve either purpose.

The point above discussed is raised by the original assignment of errors, filed July 19, 1934, the same day on which the appeal was allowed. Appellant's second point is raised by an amendment to assignment of errors, filed December 11, 1934. "An assignment of error filed in the trial court subsequent to the allowance of an appeal is not part of the record on appeal. An amended assignment of errors filed after the allowance of an appeal, although by leave of the trial court, cannot be considered, as that court has no power to grant such leave after allowance of an appeal, but additional assignments of error may be filed with leave of the appellate court." O'Brien's Man. Fed. App. Pro., Cum. Supp., 1934, p. 86. No application for leave to file the amendment to the assignment of errors was made to this court. It follows that such additional assignment must be disregarded.

Judgment affirmed.